10-2458-cv
People's United Bank v. PeoplesBank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

Present:    ROBERT D. SACK,
            ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                        *Circuit Judges*.

_____

PEOPLE'S UNITED BANK,

                *Plaintiff-Appellee*,

                - v. -                           No. 10-2458-cv

PEOPLESBANK,

                *Defendant-Appellant*,

BANK OF WESTERN MASSACHUSETTS,

                *Consolidated -Defendant.*

_____

For Plaintiff-Appellee:          DAVID H. HERRINGTON (Lawrence B. Friedman,
                                 Arminda B. Bepko, Cleary Gottlieb Steen & Hamilton
                                 LLP; James T. Shearin, Pullman & Comley, LLC,
                                 Bridgeport, CT, *on the brief*), Cleary Gottlieb Steen &
                                 Hamilton LLP, New York, NY

For Defendant-Appellant:          DOMINIC FULCO III (Emily A. Gianquinto, *on the brief*), Reid & Riege, P.C., Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant PeoplesBank appeals from the district court's denial of PeoplesBank's motion for a preliminary injunction to prevent plaintiff-appellee People's United Bank ("People's United") from using the name "People's United Bank" in western Massachusetts, on the ground that its use would infringe PeoplesBank's mark in violation of sections 43(a)(1)(A) and (B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)-(B), and analogous provisions under Massachusetts state law. After a six-day hearing, the district court concluded that PeoplesBank had established neither a likelihood of success on the merits nor irreparable harm and therefore denied the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

To obtain a preliminary injunction, a party must "show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks omitted). Section 43(a) of the Lanham Act prohibits a person from using "any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of [the producer's] . . . goods, services, or commercial

activities by another person." 15 U.S.C. § 1125(a)(1)(A).  Hence, a plaintiff in a trademark infringement case seeking a preliminary injunction must show a likelihood of confusion. *Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 128 (2d Cir. 2004).  To determine likelihood of confusion, a court applies the eight factors outlined in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).  *See Charles of the Ritz Group Ltd. v. Quality King Distribs., Inc.*, 832 F.2d 1317, 1321 (2d Cir. 1987).

This Court reviews a district court's denial of a preliminary injunction for abuse of discretion.  *Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010).  "A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law."  *Id.* (internal quotation marks omitted).  In the context of a trademark infringement suit, we review the district court's findings on each of the *Polaroid* factors under a deferential standard and will set them aside only for "clear error," and we review the overall balance of the *Polaroid* factors as a legal issue *de novo*.  *See Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009).

To obtain reversal of a district court's denial of a motion for a preliminary injunction under the abuse of discretion standard, "appellant has a formidable hurdle to overcome." *Brennan's*, 360 F.3d at 129.  Here, PeoplesBank cannot overcome that hurdle.  We find no clear error in the district court's analysis of the individual *Polaroid* factors, and we also conclude, based on our *de novo* review, that the district court's balancing of those factors in favor of People's United was not erroneous.  Nor did the district court commit any legal error in evaluating PeoplesBank's Massachusetts state law claims under the same standard for the Lanham Act claims.  *See, e.g.*, *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 28 n.4 (1st Cir.

3

1989) ("[T]rademark infringement is defined in essentially the same terms under both the Lanham Act and [Massachusetts] state law.").  Since PeoplesBank was unable to establish a likelihood of confusion under either federal or state law from People's United's intended use of its mark, the district court's decision to deny PeoplesBank's motion for a preliminary injunction was not an abuse of discretion.

We have considered PeoplesBank's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK